## THE STATE OF NEW JERSEY

### *v.*

## THE SOCIETY FOR ESTABLISHING USEFUL MANUFACTURES.

That "The Society for the Establishing of Useful Manufactures" is a manufacturing corporation, and exempt from taxation by its charter, has frequently been decided by the courts of this state, and an increase in the corporate powers, without essentially changing their character, does not render the new franchise taxable.

---

*Mr. W. Y. Johnson*, for the state.

*Mr. J. D. Bedle*, for respondent.

BIRD, V. C.

This being a public matter, and demanding the first attention of the court, it is proper that I should say it was not presented to the court until August 3d, when it was heard, although in the midst of the summer vacation.

In 1884 the legislature passed a law providing for the imposition of state taxes upon certain corporations, and for the collection thereof. Different corporations are enumerated and classified, and the imposition to be made is fixed. Then is added:

"All other corporations incorporated under the laws of this state, and not hereinbefore provided for, shall pay a yearly license fee or tax of one-tenth per centum on the amount of the capital stock of such corporations; *provided*, that this act shall not apply to railway, canal or banking corporations, or to savings banks, cemeteries, or religious corporations, or purely charitable or educational associations, or manufacturing companies, or mining companies carrying on business in the state." *Rev. Sup. 1017 § 159.*

The state imposed a tax on the respondent, which is resisted on two principal grounds : because it is exempt by charter, and because it is a manufacturing corporation doing business in this state. This resistance seems to be fully sustained by the several decisions of the supreme court, when this same corporation was asking to be relieved from similar burdens. See *State* v. *F'lavell*, *4 Zab. 370 ; State* v. *Powers, 4 Zab. 400 ; State* v. *Blundell, 4 Zab. 402 ; State* v. *Powers, 4 Zab. 406.* See, also, *Lehigh Valley R. R. Co.* v. *Society, 3 Stew. Eq. 145, note.*

However, the state claims that these decisions are no longer in force, for the reason that, in 1868, the legislature extended to the corporation the right and power to extend its operations by condemning other lands and raising its dams &c. There is no change in the character or attributes of the corporation by this act. The purpose is the same as before. It is like a railroad or canal company procuring a charter to lengthen its line. Yet the insistment upon the part of the state is, that this is a *new* franchise, and, not being exempted, it is necessarily subject to the assessment imposed under the law of 1884. By no method can I come to this conclusion.

I think the order to show cause why an injunction should not issue restraining said corporation from doing business should be discharged, and the petition dismissed. I will so advise.